**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **NORRIS ARMSTRONG, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 03-0148-WS-C** |
| | ) | |
| **HRB ROYALTY, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |
| | ) | |
| **HRB ROYALTY, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 03-0635-WS-C** |
| | ) | |
| **NORRIS ARMSTRONG, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the plaintiffs' motion in limine to exclude evidence and testimony concerning legal advice. (Doc. 215). In response, Block unequivocally and repeatedly asserts that it will not proffer any such evidence. (Doc. 228). Block's representations, on which the Court relies in deciding the instant motion, render that motion moot.

Despite the motion's caption, the plaintiffs inject an additional, different objection with respect to Brian H. Schmidt, one of Block's in-house counsel. They complain that Schmidt should not be allowed to testify that Block proposed to pay them the minimum amount required by paragraph 24 because the proposal constitutes a settlement offer and because Block successfully resisted the plaintiffs' efforts to discover the content and development of Block's settlement position. (Doc. 215 at 6-8).

Paragraph 24 requires payment of a "fair and equitable price" for the franchisee's business,

"but no less than the total of" four items, including: (a) the depreciated book value of the franchisee's lien-free equipment; (b) the franchisee's expended costs for usable supplies on hand; (c) 80% of the franchisee's total revenues for the 12-month period ending the previous April 30; and (d) certain off-season expenses in excess of off-season revenue.  (Doc. 236, Exhibit 1 at 12-13, ¶ 24).  Block proposed to pay the plaintiffs, upon transfer of the franchise, what it calculated as the total of these four items, and at the same time "agree[d] that this payment does not impair your client's ability to further pursue a claim for the 'fair and equitable value' pursuant to Paragraph 24 of the Franchise Agreement."  (Doc. 239, Exhibit 1 at 2).[1]  Because Block did not call upon the plaintiffs to give up any actual or asserted right to additional compensation, Block's proposal cannot constitute an offer to settle or compromise the plaintiffs' claim to a fair and equitable price.[2]

The plaintiffs suspect that Block's proposal understates Block's "settlement calculus" or "settlement position."  They complain that Magistrate Judge Cassady's April 2004 order, which denied their motion to compel production of a due diligence report that Schmidt and/or Block utilized in developing that settlement position, effectively prevents them from proving that position as a means of justifying their rejection of the proposal (and, not incidentally, to prove that Block recognizes it owes them more as a "fair and equitable price").  (Doc. 215 at 7-8).  Accepting for argument the plaintiffs' dubious position that they would be entitled to explore Block's "settlement calculus" or "settlement position" had Block tendered a settlement offer, the discussion above demonstrates that no settlement offer was made.[3]

_____

[1]Block represents, and the plaintiffs do not dispute, that they received similar letters with respect to each of the franchises at issue herein.  (Doc. 239 at 12).

[2]This is true even if the plaintiffs disagreed with Block's calculation of the four components of its payment, because the plaintiffs remained free to press for additional payment on that basis.

[3]Shmidt and his expected testimony were formally disclosed to the plaintiffs on or about June 14, 2004.  (Doc. 216, Exhibit 6).  The discovery deadline was August 30, 2004, (Doc. 151 at 1, ¶ 2), over two months later, yet the plaintiffs apparently did not renew their motion to compel.  Their failure to pursue this discovery after being advised of the testimony that would (according to them) make it discoverable would furnish independent grounds for denying their motion in limine as to Schmidt were any such grounds needed.

For the reasons set forth above, the plaintiffs' motion in limine regarding evidence of Block's proposal to pay the four specific items required by paragraph 24 is **denied**.  In all other respects, the plaintiffs' motion is **denied as moot**, without prejudice to their ability to raise a similar challenge should Block's assurances that they will not offer any evidence concerning legal advice be violated at trial.

DONE and ORDERED this 14th day of October, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE