# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NORRIS ARMSTRONG, et al.,**             ) | |
|                                            ) | |
|    **Plaintiffs,**          ) | |
|                                            ) | |
| v.                                         ) | **CIVIL ACTION 03-0148-WS-C** |
|                                            ) | |
| **HRB ROYALTY, INC., et al.,**             ) | |
|                                            ) | |
|    **Defendants.**          ) | |
| _____) | |
|                                            ) | |
| **HRB ROYALTY, INC., et al.,**             ) | |
|                                            ) | |
|    **Plaintiffs,**          ) | |
|                                            ) | |
| v.                                         ) | **CIVIL ACTION 03-0635-WS-C** |
|                                            ) | |
| **NORRIS ARMSTRONG, et al.,**              ) | |
|                                            ) | |
|    **Defendants.**          ) | |

## ORDER

This matter is before the Court on a motion in limine filed by the Block defendants ("Block") to preclude new claims and arguments that Block breached the implied covenant of good faith and fair dealing. (Doc. 262). The parties have filed briefs in support of their respective positions, (Docs. 263, 272, 281, 283), and the motion is ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion is due to be granted.

## BACKGROUND

The deadline for moving to amend the pleadings expired on July 28, 2004. (Doc. 151 at 2, ¶ 4). The plaintiffs moved for leave to file a third amended complaint on July 27, 2004. (Doc. 157). Leave was granted. (Doc. 161).

Count Thirteen of the third amended complaint is styled as follows: "Breach of Missouri Implied

Covenant of Good Faith and Fair Dealing in Agreements by Refusal to Pay 80% Minimum Amount Due." (Doc. 162 at 33). The body of the count, after "adopt[ing] and realleg[ing] the previous [122] paragraphs as if set forth fully herein," exclusively discusses the allegation that Block improperly failed to pay the plaintiffs the minimum payment due under paragraph 24 of the franchise agreements. Twice, the count alleges that Block's failure to pay the minimum violated the covenant of good faith and fair dealing. The count does not allege that any other conduct by Block violated the covenant. (*Id.* at 33-34).

In December 2004, the parties filed a proposed pretrial order. (Doc. 220). The only triable issue identified by the plaintiffs referencing their claim for breach of this covenant reads as follows: "3. Whether Block's failure to pay the minimum amount due under the Agreements, after ABS's two requests therefor, constituted a breach of the implied covenants of good faith and fair dealing." (*Id*. at 23).

The pretrial conference was postponed pending mediation. (Doc. 230 at 10). After mediation failed (and Judge Butler dismissed all of the plaintiffs' fraud claims), the parties filed a second proposed pretrial order. (Doc. 241). In this document, the plaintiffs changed their statement of the triable issue concerning breach of covenant to read as follows: "4. Did Block's competition against ABS by selling TaxCut software and online related services, termination of ABS, failure to ever calculate ABS's "fair and equitable price," failure to pay the undisputed minimum amount due under the Agreements (despite ABS's repeated requests), and post-termination conduct constitute a breach of the implied covenants of good faith and fair dealing?" (*Id*. at 17).

Block seeks an order precluding the plaintiffs from pursuing any claim for breach of the covenant of good faith and fair dealing other than for failure to pay the 80% minimum. It argues that only this claim was timely asserted and that the other claims lack legal or factual merit in any event.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 16(b), Magistrate Judge Cassady entered a scheduling order establishing a deadline for amending the pleadings. Such "[a] schedule shall not be

modified except upon a showing of good cause." *Id*.; *accord Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's note). The plaintiffs neither sought an extension of this deadline nor attempted to offer any explanation — much less good cause — why they did not include a hydra-headed claim for breach of the covenant of good faith and fair dealing in any of their four iterations of the complaint. Indeed, their insistence that all the building blocks of their expanded claim lay sprinkled throughout those complaints, (Doc. 272 at 11-12 & 11 n.6) — and hence were known to them before the deadline — negates their ability to meet this standard.

Nor can the plaintiffs' failure to timely amend the complaint be excused by their inclusion of an expanded claim in the proposed pretrial order. In *Coon v. Georgia Pacific Corp*., 829 F.2d 1563 (11th Cir. 1987), the complaint alleged only a single claim, but the plaintiff argued that she should be allowed to try the additional claims she articulated in her pretrial stipulation filed prior to the final pretrial conference. At the pretrial conference, the trial court ruled that those claims were not part of the case. *Id*. at 1565. On appeal, the Eleventh Circuit affirmed, holding that "the inclusion of claims in the pretrial stipulation, the mention of them in discovery and the filing of motions concerning those claims were not a substitute for the factual allegations of a complaint under Federal Rule of Civil Procedure 8(a)." *Id*. at 1568.

The plaintiffs are thus left to argue that their third amended complaint did in fact plead the multi-layered claim presented in their current version of the triable issues. This they attempt to do, relying exclusively on the adoption of 122 preceding paragraphs in the stock introduction to Count Thirteen and citing controlling precedent for the proposition that a complaint is sufficient if it "'contains direct or inferential allegations respecting the material elements of the claims.'" (Doc. 272 at 11-12 (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1203 n.4 (11th Cir. 1989)).

The test of *Chiles* and like cases, however, is designed to assess whether a complaint must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *E.g., Roe v. Aware Woman Center for Choice, Inc*., 253 F.3d 678, 683-84 (11th Cir. 2001). That is not the

question here. Rather, the issue is whether the scope of the plaintiffs' claim for breach of the covenant of good faith and fair dealing reaches alleged misconduct by Block other than its failure to make the minimum payment due under paragraph 24.

Federal Rule of Civil Procedure 8(a) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy the rule, the complaint must put the defendant "on notice as to the claim being asserted against him and the grounds on which it rests." *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 823 (11th Cir. 2001) (internal quotes omitted). Count Thirteen plainly did not put Block on notice that the plaintiffs were pursuing a claim for breach of the covenant of good faith and fair dealing on grounds other than failure to pay the 80% minimum because, by its explicit terms, the claim was so limited. Not only did the factual allegations of Count Thirteen address, and address only, the failure to pay the minimum, but the very caption of the count pellucidly described the claim as one for "Breach of Missouri Implied Covenant of Good Faith and Fair Dealing in Agreements *by Refusal to Pay 80% Minimum Amount Due*." (Doc. 162 at 33)(emphasis added). No clearer limitation of a cause of action to a particular wrong is possible. Nor does the expedient of incorporation by reference (assuming without deciding that it could ever do so) change the result, because the plaintiffs' explicit limitation of their cause of action necessarily left the incorporated provisions beyond the purview of the claim.

The disingenuousness of the plaintiffs' argument is exposed by other filings in this lawsuit. In moving for leave to amend, the plaintiffs expressly represented to the Court that Count Thirteen "adds a claim against Defendants for their breach of the implied covenant of good faith and fair dealing under Missouri law *for their failure to pay Plaintiffs the minimum 80% amount due under the Agreements* ...." (Doc. 157 at 2, ¶ 2.f (emphasis added)). Then, in the parties' initial proposed pretrial order, the plaintiffs identified as the single triable issue concerning their claim for breach of the implied covenant, "[w]hether Block's *failure to pay the minimum amount due under the Agreements*, after ABS's two requests therefor, constituted a breach of the implied covenants of good faith and fair dealing." (Doc. 220 at 23 (emphasis added)). The suggestion that Block was on notice that the plaintiffs' claim extended further when the plaintiffs themselves patently were not on such notice

is nothing short of untenable.

## CONCLUSION

For the reasons set forth above, Block's motion in limine to limit the plaintiffs to the single instance of alleged violation of the covenant of good faith and fair dealing asserted in the third amended complaint is **granted**.

DONE and ORDERED this 14th day of October, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
