IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **NORRIS ARMSTRONG, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 03-0148-WS-C |
| | ) | |
| **HRB ROYALTY, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |
| | ) | |
| **HRB ROYALTY, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 03-0635-WS-C |
| | ) | |
| **NORRIS ARMSTRONG, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on a motion in limine filed by the Block defendants ("Block") to clarify that the plaintiffs' equitable estoppel claim has been dismissed. (Doc. 237). The parties have submitted briefs in support of their respective positions, (Docs. 246, 251), and the motion is ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion is due to be denied.

**BACKGROUND**

The original complaint and all three amended complaints have included a claim for equitable estoppel, based upon alleged "misrepresentations, false promises and suppressions" by Block concerning the perpetual nature of the franchise agreements and the limited circumstances under which Block would terminate them. The first three of these complaints demand that Block be estopped from

terminating or non-renewing the franchise agreements "or asserting any other rights or taking any other actions which are inconsistent with Block's representations and promises." (Doc. 1 at 30-32; Doc. 38 at 33-35; Doc. 149 at 22-24). The third amended complaint includes substantively the same quoted language but does not seek an estoppel to terminate or non-renew the agreements. (Doc. 162 at 24-25). The plaintiffs' listing of triable issues in the joint proposed pretrial order identifies three triable issues concerning equitable estoppel, including whether "Block is equitably estopped from terminating the Agreements without paying ABS its fair and equitable price based upon the parties' long term expectations when they entered the Agreement." (Doc. 241 at 18, ¶ 5).[1]

Several months after this action was filed, Block filed a related action seeking, inter alia, an order enjoining the plaintiffs from operating as a Block franchisee after the termination of the franchise agreements. (Civ. Action No. 03-635-WS-C, Doc. 1).[2] The plaintiffs responded that Block was "equitably estopped from refusing to renew the [franchise agreements]." (*Id*., Doc. 17 at 12). In his November 2003 order granting some of the requested injunctive relief, Judge Butler noted that, at oral argument, the plaintiffs "abandoned" the argument that Block "should be estopped from terminating or refusing to renew the franchise agreement." (*Id*., Doc. 34 at 9). Judge Butler also "rejected" the abandoned argument because it would have allowed equitable estoppel to nullify the public policy reflected in the Missouri Court of Appeals' holding that the franchise agreements permitted Block to terminate them unilaterally at the expiration of any five-year term. (*Id*. at 9, n.9).

In September 2004, Block moved for summary judgment with respect to twelve of the fourteen counts asserted in the third amended complaint, including the plaintiffs' five fraud claims and their equitable estoppel claim. (Doc. 175). Block described the latter claim as one "that Block is equitably estopped in perpetuity from exercising its contractual right not to renew ABS's former franchise agreements" and argued that the plaintiffs' abandonment of this claim at oral argument, and Judge

---

[1] The other triable issues invoking equitable estoppel read as follows:
"Is Block equitably estopped from recovering any damages on its counterclaims"; and
"Is Block equitably estopped from terminating ABS in the manner that it employed." (*Id*., ¶¶ 6, 10).

[2] That action was eventually consolidated with this one for all purposes. (Doc. 95).

-2-

Butler's acknowledgment of this abandonment and rejection of the claim on its merits in his order on motion for preliminary injunction, were dispositive. (Doc. 177 at 45-47). Block also argued that Missouri public policy and the plaintiffs' demand for payment under paragraph 24 of the franchise agreements (which is triggered only by termination) required summary judgment. (*Id.* at 45-46.) Judge Butler's order on motion for summary judgment denied summary judgment with respect to the plaintiffs' breach of contract claim and granted summary judgment with respect to their fraud claims. (Doc. 230 at 2-10). Judge Butler then stated that he "decline[d] to enter summary judgment on the plaintiffs' remaining claims, finding that there are genuine issues of material fact precluding judgment as a matter of law." (*Id*. at 10). Block now asks the Court to "clarify" that the order on motion for summary judgment, in addition to eliminating all fraud claims, "also disposed of or was intended to dispose of" the equitable estoppel claim. (Doc. 237 at 1).

## DISCUSSION

Judge Butler's order is unambiguous as to which claims were dismissed. After granting summary judgment as to the plaintiffs' fraud claims, Judge Butler expressly "decline[d] to enter summary judgment on the plaintiffs' remaining claims." (Doc. 230 at 10). The Court cannot clarify that the equitable estoppel claim was dismissed by the order, because it plainly was not. Similarly, the Court cannot clarify that Judge Butler actually intended to dismiss the equitable estoppel claim, both because his written order provides no such suggestion but rather negates it, and because one judge cannot speak to the unexpressed intent of another.

Rather than a motion to clarify, Block could have filed a motion to reconsider. Block did not do so, and such a motion would have been futile. The grant or denial of a motion to reconsider is left to the discretion of the trial court. *E.g., Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000)(en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion for summary judgment, or to submit evidence previously available but not properly presented on the underlying motion. *E.g., Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Instead, "[a] motion to reconsider is only available when a party presents the court

with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). None of Block's arguments satisfies any of these tests.

Block first argues that the plaintiffs abandoned their estoppel claim and that Judge Butler rejected it on its merits in his order on motion for preliminary injunction. (Doc. 237 at 2, 3). That argument is not new, as Block raised it on motion for summary judgment, but Judge Butler's rejection of the argument did not constitute clear error or work a manifest injustice.

What the plaintiffs abandoned at oral argument was the contention that they were entitled to "a contract in perpetuity." (Doc. 177, Exhibit 52 at 2). Judge Butler correctly acknowledged in his order that the plaintiffs had abandoned the argument that Block should be "estopped from terminating or refusing to renew the franchise agreement." (Civ. Action No. 03-0635-WS-C, Doc. 34 at 9). He also rejected the argument's necessary premise, "that principles of equitable estoppel would allow enforcement of a contract in perpetuity even though public policy would not." (*Id*. at 9 n.9).

Pursuant to Judge Butler's order on motion for preliminary injunction, the plaintiffs' equitable estoppel claim is no longer part of this lawsuit *to the extent it seeks to preclude Block from terminating or non-renewing the franchise agreements.* Block assumes this represents the full extent of the relief demanded under the plaintiffs' equitable estoppel claim, (Doc. 251 at 2), but that is manifestly incorrect. As noted above, the plaintiffs have consistently stated that their claim not only estops Block from ending the franchise agreements but also estops Block from "asserting any *other* rights or taking any *other* actions which are inconsistent with Block's representations and promises ...." (Doc. 1 at 31, ¶ 113; Doc. 38 at 35, ¶ 122; Doc. 149 at 23, ¶ 76 (emphasis added)). The third amended complaint, to which the motion for summary judgment was directed, maintains the substance of the quoted language. What the plaintiffs abandoned and Judge Butler rejected was the effort to compel Block to keep the franchise agreements in force; neither addressed any "other" rights or actions Block might be estopped to take.[3] To that extent, the claim survived the motion for preliminary

---

[3]Block apparently relies on the third amended complaint, which deleted language seeking to estop Block from terminating the franchise agreements and deleted the word "other," as italicized in

injunction, and Judge Butler correctly declined on motion for summary judgment to dismiss the entire equitable estoppel claim on the basis that it had already been abandoned and judicially rejected.[4]

Block's second argument is that "the injunctive relief sought is irreconcilable with the remainder of the case to be tried," because the plaintiffs seek payment under paragraph 24 and no such payment can be due unless the franchise agreements have been terminated. (Doc. 237 at 3-4). This argument as well was raised on motion for summary judgment, and its rejection by Judge Butler did not constitute clear error or work a manifest injustice for the same reason as Block's previous argument: it incorrectly assumes that the equitable estoppel claim addresses only Block's ability to terminate the franchise agreements.

Block's third argument is that summary judgment on the fraud claims necessitates summary judgment on the equitable estoppel claim because the latter claim is "derivative" of the former. (Doc. 237 at 3-4). Because that argument could have been, but was not, raised on motion for summary judgment, it provides improper material for a motion to reconsider. At any rate, Judge Butler's failure

---

text, from the statement of that which Block is estopped to do. (Doc. 251 at 2). Those changes simply recognized that the plaintiffs had abandoned, and Judge Butler had rejected, their effort to prevent the termination of the franchise agreements; the changed language patently did not serve to shrink the estoppel claim to encompass only that portion of the claim that the plaintiffs had abandoned.

[4]The plaintiffs' statement of triable issues identifies the "other" conduct Block is estopped to engage in as including the termination of the franchise agreements (which has been done) "without paying ABS its fair and equitable price *based upon the parties' long term expectations when they entered the Agreement*." (Doc. 241 at 18, ¶ 5 (emphasis added); *accord* Doc. 246 at 11, 12). Block complains that the claim for equitable estoppel as worded in the third amended complaint "says absolutely nothing about 'fair and equitable value' or any post-termination payment." (Doc. 251 at 2). That is true, but it hardly shows that the plaintiffs are "belatedly re-engineer[ing] that claim into something entirely different." (*Id*.). Just as a demand for "compensatory damages" adequately apprises a defendant of the relief sought and does not preclude the plaintiff from seeking any particular form of compensatory damages, the demand here to estop Block from asserting "any" right or taking "any" action inconsistent with its representations and promises patently notified Block that the plaintiffs were seeking expansive relief under this claim. Block's apparent failure to ferret out the precise scope of this demand in discovery no more prevents the plaintiffs from asserting the demand than would a defendant's failure to inquire as to the types of compensatory damages being sought preclude the plaintiff from recovering for, say, lost income.

to recognize and address this argument sua sponte could not be clear error, and the divergent results did not work a manifest injustice.

It may be assumed for present purposes that a court ruling that eliminates certain claims while leaving intact other claims whose disposition is governed by the same analysis would work a manifest injustice because it treats legally indistinguishable claims differently. However, Block has not shown that Judge Butler's analysis of the plaintiffs' fraud claims requires a like disposition of the equitable estoppel claim. Judge Butler's rejection of the fraud claims rested on two bases: (1) statute of limitations; and (2) insufficient evidence of the "requisite fraudulent intent." (Doc. 230 at 7-9). Block has not even identified the applicable statute of limitations for an equitable estoppel claim, and its statement of the elements of such a claim omits any mention of intent, fraudulent or otherwise.[5] Block seizes upon the plaintiffs' statement that their equitable estoppel claim "is supported by Plaintiffs' evidence and legal support submitted in opposition to Block's summary judgment as related to Armstrong's fraud claims," (Doc. 237 at 3 (quoting Doc. 201 at 2)), but that is hardly an admission that the fraudulent intent Judge Butler found lacking is fatal to their equitable estoppel claim.

Finally, Block frets that "the Court's intention of streamlining the case for trial will not be realized if the equitable estoppel claim ... must be tried. " (Doc. 237 at 4). Of course, courts as well as parties are governed by the rule of law, regardless of any adverse impact on the resultant scope of trial. Whatever arguments might be marshaled against the plaintiffs' equitable estoppel claim, the Court can consider only those that Block has elected to present and, as discussed above, those arguments do not support the dismissal of the equitable estoppel claim in its entirety.

## CONCLUSION

---

[5]Block identified the elements of an equitable estoppel claim as: "(1) That H&R Block made an admission, statement or act that is inconsistent with a claim afterwards asserted by H&R Block and upon which H&R Block has sued; (2) That ABS acted in reliance on the admission, statement or act of H&R Block, which action was to ABS's detriment such that ABS was misled to its prejudice and changed its position; and (3) That injury to ABS would result from allowing H&R Block to contradict or repudiate the admission, statement or act."   (Doc. 292, Exhibit 2B at 26).

For the reasons set forth above, Block's motion in limine to clarify that the plaintiffs' equitable estoppel claim has been dismissed is **denied**.

DONE and ORDERED this 14th day of October, 2005.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE