IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **NORRIS ARMSTRONG, et al.,** | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION 03-0148-WS-C** |
| | ) | |
| **HRB ROYALTY, INC., et al.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |
| _____ | ) | |
| | ) | |
| **HRB ROYALTY, INC., et al.,** | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION 03-0635-WS-C** |
| | ) | |
| **NORRIS ARMSTRONG, et al.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

**ORDER**

This matter is before the Court on two motions in limine filed by the Block defendants ("Block") to prevent plaintiff Armstrong Business Systems, Inc. ("ABS") from presenting hearsay testimony to support its claims of slander and intentional interference with business relationships. (Docs. 243, 267). The parties have filed briefs in support of their respective positions, (Docs. 244, 248, 252, 267, 273, 280), and the motions are ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motions are due to be granted.

**BACKGROUND**

After it terminated the parties' franchise agreements, Block set up offices and competed with ABS during the 2004 tax season. ABS alleges that, in the course of this competition, Block made certain derogatory statements about ABS and engaged in certain other conduct detrimental to ABS's

business. These allegations form the basis of ABS's claims under Counts Ten through Twelve of the third amended complaint for slander and intentional interference with business relationships. (Doc. 162 at 28-33).

With limited exceptions, no representative of ABS purports to have heard a Block representative make any objectionable remark concerning ABS. Several ABS representatives, however, have testified that customers reported to them that they had heard Block representatives make the objectionable remarks. ABS owner Norris Armstrong and general manager Shane Armstrong have testified that they heard about the objectionable remarks from their employees, who in turn heard about them from customers. The Armstrongs have also testified as to objectionable conduct by Block representatives which they did not witness but heard about from others. Finally, Shane Armstrong, based on reports he received from others, accuses Block representatives of making derogatory statements about, and directing racial slurs at, ABS employees. Block seeks an order precluding the plaintiff from presenting or suggesting the existence of "testimony by present or former ABS employees that they were told by customers that representatives of Block made false or disparaging statements concerning ABS" or "any hearsay testimony from Norris or Shane Armstrong of purported defamatory statements or tortious conduct by Block or Block employees." (Doc. 244 at 5; Doc. 267 at 6).

**DISCUSSION**

ABS first argues that Block's motions represent an "abuse" of the motion in limine device because Block had argued on motion for summary judgment that ABS has no admissible evidence to support its claims of slander and intentional interference. (Doc. 273 at 1). As the Court has previously noted, "[a] motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)(internal quotes omitted). Such a motion

is in effect an evidentiary objection made in advance of trial, and the failure of a motion for summary judgment as to an entire claim scarcely bars an objection to evidence offered in support of the claim.[1]

ABS does not deny that it will rely on employees to testify as to what customers told them that Block said, and on the Armstrongs to testify as to what employees told them that customers reported that Block said. Instead, ABS insists that such testimony will not constitute hearsay because it will not be "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). ABS's theory is that it has no interest in proving that the terrible things Block allegedly said about it are true, so that its proposed testimony concerning such statements cannot satisfy the definition of hearsay. (Doc. 248 at 1). ABS has correctly quoted Rule 801 but incorrectly identified the critical statement.

There are four levels of statement implicated here:

- Block: "X"
- Customer: I heard Block say "X"
- Employee: I heard C say that she heard Block say "X"
- Armstrongs: I heard E say that he heard C say that she heard Block say "X"

Testimony by Block that it said "X" presumably would constitute the admission of a party opponent and so not constitute hearsay. Fed. R. Evid. 801(d)(2). As Block apparently concedes, (Doc. 252 at 1-2), testimony by a customer that she heard Block say "X" would not be hearsay because ABS would not offer the customer's testimony to prove "X" but to prove that Block *said* "X." However, whether or not ABS intends to call any customers as witnesses,[2] it appears that it will primarily rely on ABS representatives to prove Block's alleged tortious statements and conduct.

---

[1]ABS relies on *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353 (7th Cir. 1996), but that case says only that the sufficiency of evidence to support a claim is properly raised by motion for summary judgment rather than by motion in limine. *Id.* at 1362-63. Block does not herein challenge the *sufficiency* of ABS's evidence but rather the *admissibility* of certain portions of that evidence. That, of course, is precisely the function of a motion in limine.

[2]Block states that ABS never adequately identified any customers in its initial and amended disclosures under Rule 26(a). (Doc. 244 at 2 & n.1). ABS says that it has "listed the subject potential witnesses for trial," (Doc. 273 at 2), but it identifies only one listed witness as a customer. (*Id.* at 3). It is of course too late for ABS to cure any deficiency in this regard.

Testimony by ABS employees that they heard customers say they heard Block say "X" would constitute hearsay.  ABS's argument focuses on the "Block said 'X'" portion of the customers' statements, but ABS cannot prove that Block said "X" without proving that the customers heard Block say it.  Because ABS's only proof that the customers heard Block say "X" is that the customers said they did, ABS is necessarily offering their statements to prove the truth of the matter asserted (i.e., that they heard Block say "X"), and that is classic hearsay.  None of ABS's cited cases is remotely to the contrary.  The challenged testimony by the Armstrongs simply adds a second level of hearsay.

ABS's suggestion that it will offer the disputed testimony to prove publication, malice, improper motivation and damages, (Doc. 248 at 1, 3-6), is beside the point.  The testimony may very well be *relevant* to those issues, but it is not *admissible* as long as it fails the hearsay test.  *See* Fed. R. Evid. 402 ("All relevant evidence is admissible, except as otherwise provided by ... these rules ...."); *id*. Rule 802 ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.").

ABS ignores Block's challenge to Shane Armstrong's testimony concerning derogatory statements about, and racial slurs directed to, ABS employees.  With respect to the single example Block discusses in brief, Armstrong's proposed testimony is captured by the discussion above, because he admits that his only awareness of the incident comes from the statements of ABS employees that they heard the comment. (Doc. 267 at 5; *id*., Exhibit 3 at 74).  Even though ABS presumably seeks to prove only that Block made the offensive comment, it cannot do so without proving that the employees heard the comment, and Armstrong has only hearsay (the employees' say-so) to meet this burden.  Although Block provides no additional examples, any that fit this mold will of course be governed by the same result.  This is true as well with respect to any testimony by Shane or Norris Armstrong that they heard from employees that Block engaged in particular misconduct. (Doc. 267 at 3).

## CONCLUSION

For the reasons set forth above, Block's motions in limine are **granted**.  ABS and its counsel are **ordered** not to present, or suggest the existence of:  testimony by present or former ABS

representatives that they were told by customers that representatives of Block made false or disparaging statements concerning ABS; testimony by Shane or Norris Armstrong that they were told by ABS representatives that representatives of Block made false or disparaging statements concerning ABS or engaged in other tortious conduct concerning ABS; or testimony by Shane Armstrong that he was told by ABS representatives that representatives of Block made derogatory statements about, or directed racial slurs toward, any ABS representative.

DONE and ORDERED this 30th day of November, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE