IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NORRIS ARMSTRONG, et al.,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 03-0148-WS-C |
| ) | |
| **HRB ROYALTY, INC., et al.,** ) | |
| ) | |
|     **Defendants.** ) | |
| _____) | |
| ) | |
| **HRB ROYALTY, INC., et al.,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 03-0635-WS-C |
| ) | |
| **NORRIS ARMSTRONG, et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

**ORDER**

This matter is before the Court on a motion in limine filed by the Block defendants ("Block") to prevent plaintiff Armstrong Business Systems, Inc. ("ABS") from presenting the testimony of its expert witness, Jeffrey R. Sport. (Doc. 265). The parties have filed briefs in support of their respective positions, (Docs. 266, 271, 276), and the motion is ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion is due to be granted.

**BACKGROUND**

By separate order, the Court has resolved Block's motion in limine to exclude Sport as an expert witness with respect to the determination of the "fair and equitable price" required by paragraph 24 of the franchise agreements upon their termination. (Doc. 302). Block's present motion seeks to exclude Sport as an expert witness with respect to ABS's claim for damages under Count Ten of the

third amended complaint for Block's alleged intentional interference with ABS's business relationships following the termination of the franchise agreements.

## DISCUSSION

As set forth in a previous order, "[e]xpert testimony may be admitted into evidence if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert* [*v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993)]; and (3) the testimony assists the trier of fact, through the application of scientific, technical or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcros Chemicals, Inc*., 158 F.3d 548, 562 (11th Cir. 1998)(footnote omitted).  There are thus three discrete inquiries: qualifications, relevance, and reliability.[1]  The burden of establishing these three requisites lies with the proponent.  *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)(en banc).[2]

To the requirement of Rule 401 that evidence possess a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable," Rule 702 adds that expert evidence must "assist the trier of fact to understand the evidence or to determine a fact in issue."  Among other attributes of this requirement, the evidence "must have a valid scientific connection to the disputed facts in the case."  *Allison v. McGhan Medical Corp*., 184 F.3d 1300, 1312 (11th Cir. 1999).

Sport calculated that ABS's damages from Block's interference with its business relationships in 2004 totaled $586,167, based on an alleged loss of 7,849 customers.  (Doc. 266, Exhibit 1 at 3, ¶

---

[1]*See Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003)(although there is "some overlap" among these inquiries, they "are distinct concepts that courts and litigants must take care not to conflate").

[2]Expert testimony must also satisfy other applicable rules of evidence, including Rules 401, 402 and 403.  *Allison v. McGhan Medical Corp*., 184 F.3d 1300, 1309 (11th Cir. 1999).

8; *id*. at 6).³  However, he testified at his deposition that he has no basis for concluding or even assuming that more than a few of these past or potential customers were lost due to the specific acts of interference alleged by ABS.  (*Id*., Exhibit 2).  He testified instead that his damages calculation depends on the premise that Block had no right to compete with ABS following termination of the franchise agreements, so that the very act of Block's competition was itself wrongful.  (*Id*. at 63-64, 66-67, 84, 88, 94).

ABS agrees that "the basis of Sport's damage calculation is Block's wrongful entry into the Mobile market."  (Doc. 271 at 9).  Again, ABS acknowledges that Sport's opinions depend upon "the assumption that Block's entry into the Mobile market during the 2004 tax season was wrongful."  (*Id*. at 11).  ABS continues that, "[i]f the jury agrees with this predicate, then Sport's damage calculations will be helpful to the jury in calculating damages."  (*Id*.).  ABS thus correctly concedes that, unless the mere fact of Block competing with ABS following termination of the franchise agreements was wrongful, Sport's opinions are not helpful to the jury and thus fail the relevance test that is an indispensable criterion of admissibility under *Daubert* and Rules 401 and 702.

By separate order, the Court has concluded that ABS may not state or suggest in any fashion that Block's post-termination competition supports any claim by ABS for affirmative relief.  (Doc. 322).  Because ABS concedes that this ruling renders Sport's opinions irrelevant, Block's motion in limine as to those opinions is due to be granted.

## CONCLUSION

For the reasons set forth above, Block's motion in limine to exclude the testimony of Jeffrey R. Sport with respect to damages from Block's alleged intentional interference with business relationships is **granted**.

---

³This figure includes: (1) ABS customers in 2003 that used Block in 2004; (2) ABS customers in 2003 that used neither ABS nor Block in 2004; and (3) 2004 Block customers that did not use ABS in 2003. (*Id*.).

DONE and ORDERED this 30th day of November, 2005.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE