IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **NORRIS ARMSTRONG, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 03-0148-WS-C |
| | ) | |
| **HRB ROYALTY, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **HRB ROYALTY, INC., et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 03-0635-WS-C |
| | ) | |
| **NORRIS ARMSTRONG, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the motion of the Block defendants ("Block") to certify for interlocutory appeal an order, (Doc. 301), denying Block's motion in limine to exclude evidence of a settlement offer Block made in the Missouri litigation. (Doc. 316). The parties have submitted briefs in support of their respective positions, (Docs. 317, 326), and the motion is ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion is due to be denied.

**BACKGROUND**

As set forth in previous orders, Count Nine of the third amended complaint filed by plaintiff Armstrong Business Systems, Inc. ("ABS") is for the payment of a "fair and equitable price" as required by paragraph 24 of the franchise agreements. The Court has held that this term, while unambiguously excluding consideration of the parties' fairness vel non towards each other, does not unambiguously mean "fair market value." (Doc. 300 at 5-7). ABS intends to

argue that "fair and equitable price" should be measured as four times its annual gross revenue ("the multiplier"), relying in large part on a settlement offer Block proposed during the Missouri litigation which employed that multiplier as the measure of Block's cost to exercise an option to purchase a franchise.

Block's motion in limine argued that evidence of its proposal should be excluded pursuant to Federal Rule of Evidence 408. The Court, however — in reliance on the clear language of the rule and the holdings of numerous appellate courts — concluded that "Rule 408 unambiguously requires that the claim as to which a settlement offer was made and the claim at issue in the litigation in which the offer is proffered as evidence must be the same claim." (Doc. 301 at 3-4). The Court then determined — based in part on an admission in Block's briefing — that the disputed claim prompting its settlement proposal did not include any dispute over what constituted a fair and equitable price of a franchise. (*Id*. at 4-5). Finally, the Court rejected Block's effort to substitute a lower, "same transaction" standard for the "same claim" test that Rule 408 employs. (*Id*. at 5-11). Block now seeks interlocutory review of this ruling.[1]

## DISCUSSION

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Certification thus requires that: (1) the order certified "involves a controlling of question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Accord McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1257 (11th Cir. 2004).

The Court notes at the outset that "pre-trial rulings as to the admissibility of evidence are

---

[1] Block's motion in limine also argued for exclusion pursuant to Rules 402 and 403, relief the Court denied. (Doc. 301 at 11-14). The instant motion does not seek interlocutory review of these rulings.

not ordinarily certifiable (under section 1292(b))." *Pollock & Riley, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1246 (5th Cir. 1974)(internal quotes omitted). However, the *Pollock & Riley* Court identified the absence of a "clear-cut question of law against a background of determined and immutable facts" as the impediment to certification of pretrial evidentiary rulings. *Id.* (internal quotes omitted). The Court thus assumes that certification is possible if the evidentiary ruling is based on an incorrect interpretation of the evidentiary rule. *Compare Affiliated Manufacturers, Inc. v. Aluminum Co. of America*, 56 F.3d 521, 525-26 (3rd Cir. 1996)("To the extent the district court's ruling turns upon an interpretation of Rule 408, it is subject to plenary review.") *with In re: City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002)("An allegation of abuse of discretion on an evidentiary ruling does not create a legal issue under § 1292(b).").

Block argues that the Court's legal conclusion — that Rule 408 applies only when the claim as to which the settlement offer was made and the claim at issue when Rule 408 is raised must be the "same claim" and cannot simply be part of the "same transaction" — implicates a "controlling question of law" as required by Section 1292(b). This is certainly a question of law, but whether it is controlling is more problematic. A question of law is not controlling if, even should the appellate court answer the question contrary to the district court, the losing party on appeal can sustain its claim with other evidence.[2] Even were the Eleventh Circuit to exclude the multiplier proposal under Rule 408, ABS stated in opposition to Block's previous motion in limine that it has evidence that "in 1997 Block purchased the franchise territories surrounding ABS's for 4.2 times prior year's gross revenues." (Doc. 225 at 4). Neither in reply to that brief nor in its current motion does Block acknowledge this assertion, much less refute it or explain how the scope of Rule 408 can be a controlling question of law in the face of this alternative evidence that Block has valued franchises at several times gross revenues.

To "materially advance the ultimate termination of the litigation" under Section 1292(b) "means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin v. Conseco Services*, 381 F.3d at 1259. That is,

---

[2]*See Ray v. Edwards*, 725 F.2d 655, 658 (11th Cir. 1984)(an interlocutory appeal did not present a controlling question of law because, "even if the standard [for proving liability] put forward by appellants is correct, [the appellee] might still be able to produce evidence showing that appellants were [liable under] the more limited legal theory proposed by appellants.").

the appeal "must substantially reduce the amount of litigation left in the case." *Id*. Block ignores *McFarlin* but cites an old Fifth Circuit opinion for the proposition that "[r]eview under § 1292(b) is available where decision on an issue would affect the scope of the evidence in a complex case ...." *Garner v. Wolfinbarger*, 430 F.2d 1093, 1097 (5th Cir. 1970). *Garner* is of course an application of *McFarlin*, and an issue affecting the scope of evidence can support interlocutory appeal only if its resolution would substantially shorten the trial. In a "complex" case such as *Garner* (a securities class action), an evidentiary ruling might well substantially shorten trial, but Block has not even asserted, much less demonstrated, that excluding the multiplier proposal will substantially shorten this trial.[3]

Block also relies on a district court opinion from Pennsylvania for the proposition that any reversible error, because it requires a new trial, automatically satisfies the "materially advance" requirement. (Doc. 317 at 4). Even if that lax standard obtains elsewhere,[4] it has no currency in the Eleventh Circuit in the face of *McFarlin*.

Finally, Block argues that the scope of Rule 408 carries "significance well beyond this case," such that the "interests of justice" in fostering settlement of disputes "favors [sic] prompt appellate resolution of this issue." (Doc. 317 at 2). Ignoring Block's mischaracterization of both the Court's ruling and the grounds on which it was based, (*id*. at 8), there is no "administration of justice" exception to the requirements for certification under Section 1292(b).

## CONCLUSION

For the reasons set forth above, Block's motion to certify for interlocutory appeal is

---

[3] In briefing on another motion, Block suggests that interlocutory appeal "would potentially shorten the time ... involved in the litigation by avoiding the need for Block to introduce rebuttal evidence." (Doc. 308 at 22). Of course, "would potentially" falls far short of the "would" required by *McFarlin*, and Block gives no indication that forgoing its rebuttal evidence would "substantially" shorten the litigation.

[4] The Court in *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 494 F. Supp. 1190 (E.D. Penn. 1980), faced the prospect of a year-long antitrust trial, *id*. at 1244, prompting an understandable desire to avoid unnecessary retrial. In this case, Block predicts a five- to seven-day trial. (Doc. 241 at 20).

**denied**.

DONE and ORDERED this 12th day of December, 2005.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE